# AFFIDAVIT

# UNDER SEAL

FILED
DEC 27 2019
Clerk, U. S. District Court
Eastern District of Tennessee
At Knoxville

| | |
|---|---|
| IN THE MATTER OF THE SEIZURE OF | )<br>)<br>) |
| A 2014 White Dodge Charger Sedan 4D SE 3.6L V6, VIN:2C3CDXBGOEH155000, bearing Tennessee license plate number 7R65N3, registered to Jeneca Mobley, 2000 Dutch Valley Dr., Knoxville, Tennessee 37918 ("White Charger"); | )<br>)<br>)<br>)<br>)<br>)<br>) Case No. 3:19-MJ- 1135 |
| A 2015 Red Dodge Challenger Coupe 2D SXT 3.6L V6, VIN:2C3CDZAGOFH909642, bearing Tennessee license plate number 7R65N1, registered to Jeneca Mobley, 2000 Dutch Valley Dr., Knoxville, Tennessee 37918 ("Red Challenger"); and | )<br>)<br>)<br>)<br>)<br>)<br>) Case No. 3:19-MJ- 1136 |
| A 2015 Red Dodge Charger Sedan 4D SE 3.6L V6, VIN:2C3CDXBG9FH918309, bearing Tennessee license plate number 9S26B3, registered to Regge Leatherwood, 723 Highland Dr., Knoxville, Tennessee 37912 ("Red Charger"). | )<br>)<br>)<br>)<br>)<br>) Case No. 3:19-MJ- 1137 |

## Introduction

I, Christopher G. Slone, being duly sworn, state the following information to be true to the best of my knowledge, information, and belief:

1. I am a Special Agent with the Federal Bureau of Investigation (FBI) and have been so employed since 2012. My primary duties and responsibilities involve the investigation of violations of federal law including the Controlled Substance Act as found in Title 21 of the United States Code. I currently work in the Knoxville Field Office of the FBI and am assigned to the Appalacian HIDTA drug task force. During my tenure as an FBI Special Agent, I have investigated numerous crimes including, but not limited to, bank robbery, gangs and organized crimes, narcotics trafficking, money laundering, kidnapping, fugitive investigations, and national

security matter crimes. I am an "Investigative or Law Enforcement Officer" within the meaning of Title 18, United States Code, Section 2510(7), that is, an officer of the United States who is empowered by law to conduct investigations of, and to make arrests for, offenses enumerated in Title 18, United States Code, Section 2516. I have become familiar with the methods, operations, and schemes commonly employed by individuals involved in the violation of narcotics statues through my training and prior experience, including previous cases I have investigated with other municipal, state, and federal agents. I have investigated many cases in the Eastern District of Tennessee and elsewhere involving violations of state and federal narcotics statues and, as a result, I have been sucessful in arresting and convicting numerous individuals associated with narcotics distribution. I have been involved in the execution of numerous search warrants dealing with the detection and investigation of federal narcotics violations. I have participated in federal and state wiretap investigations and prosecutions. As a result of these investigations and prosecutions, I have become aware of various methods and techniques utilized by individuals within the Eastern District of Tennessee and elsewhere to sell and distribute controlled substances. I have become familiar with codes, slang terms, and other terminology used to refer to controlled substances by narcotics traffickers within the Eastern District of Tennessee and elsewhere.

## PURPOSE OF THIS AFFIDAVIT

2. This affidavit is submitted in support of applications for seizure warrants for the following:

    a. A 2014 White Dodge Charger Sedan 4D SE 3.6L V6, VIN:2C3CDXBGOEH155000, bearing Tennessee license plate number

7R65N3, registered to Jeneca Mobley, 2000 Dutch Valley Dr., Knoxville, Tennessee 37918 ("White Charger");

b. A 2015 Red Dodge Challenger Coupe 2D SXT 3.6L V6, VIN:2C3CDZAGOFH909642, bearing Tennessee license plate number 7R65N1, registered to Jeneca Mobley, 2000 Dutch Valley Dr., Knoxville, Tennessee 37918 ("Red Challenger"); and

c. A 2015 Red Dodge Charger Sedan 4D SE 3.6L V6, VIN:2C3CDXBG9FH918309, bearing Tennessee license plate number 9S26B3, registered to Regge Leatherwood, 723 Highland Dr., Knoxville, Tennessee 37912 ("Red Charger").

3. The facts provided in this affidavit are also based in part on information provided by law enforcement agents with the Federal Bureau of Investigation (FBI), Knoxville Police Department (KPD), and other law enforcement agencies, information provided by confidential sources, business records, and other information noted herein. This affidavit is intended to show merely that there is sufficient probable cause for the requested warrants and does not set forth all the facts and circumstances of this case.

4. On December 18 and 19, 2019, United States Magistrate Judge Debra C. Poplin issued search warrants for the following locations:

a. The residence, its curtilages and outbuildings, appurtenances, attached and detached garages, vehicles and trailers located within 100 feet of the structures located at 1215 East Moody Ave., Knoxville, Tennessee, which is a residence under the control and utilized as a drug distribution location by Bryan Cornelius;

3

b. The residence located at 4235 Plummer Rd., Knoxville, Tennessee, which is a residence under the control and utilized as a drug distribution location by Gage Whittenberg and Jeneca Mobley;

c. The residence located at 6632 Wachese Lane, Knoxville, Tennessee, which is a residence under the control and utilized as a drug distribution location by Bryan Cornelius and gage Whittenberg;

d. The residence located at 1620 Henrietta Ave., Knoxville, Tennessee, which is a residence under the control of Colby Curry Fugate and utilized as a drug distribution location by Bryan Cornelius; and

e. The residence located at 2403 Howard St., Knoxville, Tennessee, which is a residence under the control of Antonio Martin and utilized as a drug distribution location by Bryan Cornelius.

5. On December 17, 2019, Cornelius and Whittenberg were indicted by a Grand Jury sitting in Knoxville, Tennessee. The indictment returned against the above-referenced individuals included drug distribution charges.

6. On July 3, 2019, an FBI Confidential Source ("CS") conducted a controlled narcotics evidence buy of 15.1 grams of cocaine from Gage Whittenberg at 6632 Wachese Lane, Knoxville, Tennessee. At approximately 2:30 p.m., the CS received a telephone call from Whittenberg who stated he was at his new house but would meet the CS at the old house. At approximately 2:55 p.m., Whittenberg was observed driving a Red Dodge Challenger bearing Tennessee license plate number 7R65N1 ("Red Challenger") toward the arranged meet location. The CS arrived at 6632 Wachese Lane, Knoxville, Tennessee at approximately 3:00 p.m. and informed agents that Whittenberg was already at the location. The CS meet with Whittenberg

4

inside the residence and completed the drug transaction and departed the location. After the drug transaction, law enforcment reviewed covert audio / video recordings, where Whittenberg was observed driving his Red Challenger to 6632 Wachese Lane, Knoxville, Tennessee for this controlled narctoics evidence buy.

7. On July 12, 2019, an FBI CS conducted a controlled drug evidence buy of three (3) ounces of crystal methamphetamine from Lashawn Bassett, arranged by Bryan Cornelius at Weigels, located at 1325 N. Cherry St., Knoxville, Tennessee. The CS placed a recorded telephone call to Cornelius who directed the CS to meet him at the previously mentioned Weigels. After the CS arrived at the Weigels parking lot, Cornelius called the CS and asked the CS location. The CS stated he/she was at the location and Cornelius instructed the CS to be looking for a red Charger. The CS called Cornelius and told Cornelius what vehicle the CS was driving and Corneilus then instructed the CS he was pulling up. A red Dodge Charger bearing a temporary license plate ("Red Charger") arrived at the Weigels and parked in close proximity to the CS. The CS entered the passenger side of the Red Charger and observed a black male identified as Lashawn Bassett. The CS completed the drug transaction with Bassett and departed the Weigels.

8. Based on my training and experience and knowledge I have gained throughout this investigation, I know that Lashawn Bassett was utilized by Cornelius as a "runner" to distribute his illegal drugs. On numerous occasions, Basset was observed driving Cornelius' Red Charger to make drug deliveries and conduct general errands at the request of Cornelius. At the time of the controlled drug evidence buy, Cornelius utilized a temporary license plate and had not yet obtained a registered license plate for the Red Charger. Subsequent to the controlled drug

5

evidence buy, Cornelius obtained a registered license plate for the Red Charger bearing Tennessee license plate number 9S26B3.

9. On November 28, 2019, through title-III wire communication intercepts, Greg Brown, utilizing telephone number 865-399-4622, called Gage Whittenberg to arrange for the purchase of one (1) ounce of heroin. Whittenberg agreed. Brown told Whittenberg he would plan to meet at 8:00 that evening. At approximately 7:18 p.m., Brown called Whittenberg and stated he would be leaving in about 15 minutes and should be there about 8:30 p.m., to which Whittenberg agreed. Through video surveillance, a white Dodge Charger ("White Charger") was observed arriving at 6632 Wachese Lane, Knoxville, Tennessee at approximately 8:39 p.m. where Brown and Whittenberg met. The White Charger was identified by members of law enforcement as the same vehicle observed on other occassions at 4235 Plummer Rd., Knoxville, Tennessee, the residence of Gage Whittenberg and Jeneca Mobley.

10. Based on my training and experience and knowledge I have gained throughout this investigation, I believe that the White Charger that arrived at 6632 Wachese Lane is the same White Charger that had been previously observed at Whittenberg's residence that is registered to Jeneca Mobley, Whittenberg's girlfriend. Through review of video surveillance in the vicinity of 6632 Wachese Lane, Knoxville, Tennessee, Whittenberg and Cornelius are the primary individuals who frequent the residence. The White Charger bearing Tennessee license plate number 7R65N3, is the only white Dodge Charger observed at the residence throughout this investigation.

11. Based on title-III wire commuinication intercepts, on November 10, 2019, at approximately 12:59 p.m., Bryan Cornelius placed a telephone call to an unknown female at 865-214-4030 and stated, "Hey come on. I'm back." The female responded, "Ok, I'm right here

6

at McDonalds right here across the street from where you usually want me to go." Cornelius stated, "Go to Clinton Highway." The unknown female agreed. Through video surveillance, Cornelius arrived at 6632 Wachese Lane, Knoxville, Tennessee at approximately 1:13 p.m. driving a red Dodge Charger.

12. Based on my training and experience and knowledge I have gained throughout this investigation, I believe Cornelius and the unknown female made an arrangement to conduct a drug transaction where Cornelius instructed the female to go to Clinton Highway. Throughout the investigation and interception of wire communications, Cornelius and others utilize the term, "Clinton Highway" when referring to 6632 Wachese Lane, Knoxville, Tennessee. I believe this was done to avoid law enforcement in the event phones were being monitored which is common among drug dealers. Further, Clinton Highway or 6632 Wachese Lane, was a house that Cornelius and Whittenberg utilized to store drugs, guns and money. I believe Corneluis arrived at Wachese in his Red Charger to retrieve the agreed upon drugs to sell to the unknown female.

13. On November 13, 2019, Lashawn Bassett was arrested by KPD at Top Fuel located at 1501 N. Cherry St., Knoxville, Tennessee for a violation of probation warrant. Bassett drove to the Top Fuel gas station in Cornelius' red Dodge Charger to completed a drug transaction of crystal methamphetamine. As Bassett completed the drug transaction, KPD approached Bassett and took him into custody. KPD located four (4) ounces of crystal methamphetamine and also took Blake Wright, Bassett's customer, into custody. The red Dodge Charger was impounded by KPD. Through video surveillance and title-III wirre communication intercepts, Cornelius' Red Charger was released by KPD and currently being utilized by Cornelius.

14. I believe based on my training and experience, and knowledge in this investigation, that Cornelius and Whittenberg utilize the vehicles referenced above to conduct drug trafficking transactions at various locations around Knoxville, Tennessee and that those vehicles are now forfeitable as faciliating property. See <u>United States v. Gaskin</u>, 364 F3d. 438, 463 (2d Cir 2004) (vehicle drug dealer used to drive to the location where he was to take delivery of the drugs forfeitable as facilitating property; <u>see also</u> <u>United States v. Lewis</u>, 987 F2d. 1349 (8th Cir. 1993); <u>United States v. One 1965 Chevrolet Impala Convertible</u>, 2011 WL 1794538, *3 (N.D. Ohio May 11, 2011) (vehicle driven by a "pivotal figure" in a drug deal to the site where the deal is negotiated is forfeitable even though the actual drug sale occurred later in the day between third parties); <u>United States v. White 2007 WL 3244054</u>, *4 (W.D. Mich. 2007)(vehicles driven to places were drug deal occurred forfeitable as property used to facilitate the drug conspiracy); <u>United States v. $39,000 in U.S. Currency</u>, 2005 WL 2600217, at *3 (W.D. Tenn. 2005) ("The use of vehicle solely for transportation to the site of an illegal transaction is sufficient to warrant forfeiture under the 'substantial connection' standard."

15. Insofar as criminal forfeiture is concerned, I know that a protective order would be inadequate to ensure the preservation of the vehicles, as they can be easily transferred, hidden, or sold. Courts have routinely issued seizure warrants, rather then restraining orders, in cases where property was highly fungible. It is the nature of the property itself which is sufficient for the court to find that a restraining order may be inadequate. <u>United States v. Lewis</u>, 2006 WL 1579855, *5 (D. Minn. June 1, 2006) (vehicles and funds in a bank account may be seized pursuant to section 853(f) because both can easily be moved or transferred; a restraining order would be inadequate.)

8

## CONCLUSION

16.     Your affiant knows that vehicles utilized to transport controlled substances are subject to civil seizure pursuant to 18 U.S.C. § 981(b) by 21 U.S.C. § 881(b) and civil forfeiture pursuant to 21 U.S.C. § 881(a)(4), which states that all conveyances, including aircraft, vehicles or vessels, which are used, or are intended for use, to transport or in any manner to facilitate that transportation, sale, receipt, possession or concealment of all controlled substances, which have been manufactured, distributed, dispensed or aquired in violation of 21 U.S.C. § 846 shall be forfeitable to the United States. The vehicles are also subject to criminal seizure and forfeiture pursuant to 21 U.S.C. § 853.

17.     Based on the information provided herein, and the grand jury's determination, your affiant believes there is probable cause to believe that the vehicles listed in paragraph no. 2 above were used to facilitate drug trafficking.

## REQUEST FOR SEALING

18.     I further request that the Court order that all papers in support of this application be sealed until further order of the Court. These documents discuss an ongoing criminal investigation that is neither public nor known to all of the targets of the investigation. Accordingly, there is good cause to seal these documents because their premature disclosure may serioulsy jeopardize that investigation.

FURTHER AFFIANT SAYETH NAUGHT.

Executed this \_\_\_19\_\_\_ day of December, 2019, in Knoxville, Tennessee, Located within the Eastern District of Tennessee.

_____
Christopher G. Slone
Special Agent
Federal Bureau of Investigation

Subscribed and sworn to me before
On this 19th day of December, 2019.

_____
Debra C. Poplin
United States Magistrate Judge